## Newcomb v. Boulware.

1. APPEALS UNDER TOWN SITE ACT are not governed by the act subsequently passed regulating appeals in justices' courts. They are sufficient if taken orally on the date of the mayor's decision and note in his docket.

WAKELY, J.

An act "regulating the disposal of lands purchased in trust for town sites" was approved February 10, 1857, and took effect at the date of its passage. It authorizes the mayor of an incorporated town to hear and determine all questions of title to lots therein, and give deeds to the successful claimants. It provides for appeals from his judgments in the following terms: "Sec. 6. Should any person feel aggrieved by the judgment of said mayor or commissioners, an appeal may be taken to the District Court of the county in the same manner as when taken up from justices of the peace. In case of appeal, no deed shall be made or pass until the title shall be settled by the proper courts. Notice of the appeal must be given on the day when the judgment is rendered." When this act was approved there was no statute requiring notice to be given of an appeal from a judgment of a justice of the peace. Three days afterward an act was approved, which, under a general provision applying to the laws passed at that session, took effect on the first day of the next June, and which requires written notice of such appeal to be served on the justice and on the adverse party, his agent or attorney, and allows twenty days from the rendition of the judgment to perfect the appeal.

Proceedings to determine the title to certain lots in Nebraska city were commenced before the mayor prior to June 1, 1857, which, being continued, trial was had and judgment rendered after that date. An appeal from their judgment to the District Court was then dismissed upon

the ground that due notice of the appeal had not been given.

The only notice shown, or claimed to have been given, is mentioned thus in the mayor's transcript sent up to the District Court. After stating the submission of the case without evidence and the determination of the title, the the record concludes : " A. R. Newcomb gave notice that he would appeal to the District Court on the same day, and he signed a bond in the sum of five hundred dollars, signed by W. B. Hail as security ; and the appeal was allowed." The mayor then certifies that the foregoing is a true transcript from his docket of the proceedings in the cause had before him. Is the transcript evidence that notice of the appeal was given ? And was such notice sufficient ? The transcript is evidence of the highest character as to all the proceedings before the mayor, in hearing and determining the question of title upon which he rendered judgment. If the notice required by section 6 was to be given in open court as a part of the proceedings before the mayor, after his judgment should be rendered, the mayor's record is the proper, if not the only admissible evidence thereof. I think this kind of notice is contemplated — to say the least, is allowed — by that statute, although it is not explicit as to manner of giving notice. A fair construction of this record shows, I think, that the notice was publicly given upon the rendition of the judgment as a part of the proceedings, and was recorded as such by the mayor. A similar practice was at that time prescribed in taking appeals from the District to the Supreme Court.—*Laws* 1855, *p.* 194. The appeal was to be " prayed for at the time of the rendition " of the judgment. The party in open court was to pray for his appeal, which the clerk would enter in his minutes, and the record will be the only evidence of it. A notice so given in the mayor's court must have been held sufficient so long as

the act of February 10 continued to govern the method of taking appeals. Was that method changed by force of the act above mentioned, which took effect June 1, 1857? If so, the new method would have applied to the appeal in this case, as the trial took place after June 1, although the proceedings were commenced before that date.

The act of February 10 says, in general terms, that an appeal from the judgment of the mayor may be taken "in the same manner as when taken from justices of the peace." If this had been the only provision in that act, as to the manner of taking an appeal, there would be no doubt that, when the legislature subsequently provided a new method of appealing from justice's judgments, appeals under that act must have thereafter conformed in all particulars to the change. But this general language was very materially qualified by the concluding words of section 6, "Notice of the appeal must be given on the day when judgment was rendered." Effect must be given to both these provisions, which are parts of the same section. Therefore, according to the very terms of the act, the manner of taking the appeals was not to be the same, in all respects, as the manner of appealing from justice's judgments. The provision as to notice was to be observed, without reference as to whether it was required or not, on appeals from justices of the peace. It so modified the general provision requiring appeals in the two cases to be taken in the same manner, that, previous to June 1, 1857, notice was required in the one case but not in the other. Since that date notice has been requisite in either case, but in the one it must be given on the day when judgment was rendered, in the other it may be served within twenty days thereafter.

The last act is not a statute on the same subject, as the former intended to take its place, or in any respect to change its provisions. The former is a special act regulating special proceedings before the mayor, and the other

NEWCOMB v. BOULWARE.

is a general act regulating appeals from justices of the peace, and providing a particular time and manner of serving notice of such appeals. The former act provides expressly for a different time, and, by a fair implication, for a different manner of giving notice of appeals from the judgment of the mayor. I regard the last clause of section 6 as a complete provision on the subject of notice, requiring it to be given forthwith, in order to prevent the mayor from making a deed to the party successful before him, and contemplating a notice which could be instantly given on the rendition of judgment; a notice publicly given in court, according to the practice observed in the District Court at the time the act was passed. The language is, "notice of the appeal must be given on the day," not "served," which could apply only to a notice in writing, but "given," the term which aptly and fitly applies to a notice in a court given orally. A notice so given certainly answers every purpose of a notice in writing served within twenty days after judgment. The oral notice given in court in the one case is equivalent, in its object and effect, to the written notice served in the other. Instances can easily be supposed, and would doubtless occur, where it would be found impracticable to serve written notice of appeal on the adverse party on the "same day" when the mayor's judgment is rendered.

The whole provision in section 6, above quoted on the subject of notice, is excepted from the requirement in a former part of the section as to the manner in which the appeal is to be taken. Otherwise, it would have been nugatory when inserted. If it was to be then considered as excepted, it must be so considered still. I think the appeal should not have been dismissed.

Judgment reversed.